UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHELLE SPINELLI,<br><br>                                 Plaintiff,<br><br>                - v. -<br><br>MACY'S INC.,<br><br>                                Defendant. | Docket No.: _____<br><br>*Complaint* |

Plaintiff, complaining of the Defendant, by her attorneys, SAKKAS, CAHN & WEISS, LLP, respectfully sets forth and alleges the following:

**Nature of the Case and Parties**

1. This lawsuit arises out of an incident that occurred on March 4, 2020 in a Macy's department store, located at Herald Square in Manhattan, when the Plaintiff, Rachelle Spinelli ("Spinelli"), was shopping in the store and slipped and fell on a wet floor, sustaining serious injuries.

2. At all times herein mentioned Spinelli was, and is, domiciled in Bucks County, Pennsylvania.

3. At all times herein mentioned the Defendant Macy's, Inc. ("Macy's") was a foreign business corporation, duly organized and existing by virtue of the laws of State of Delaware.

4. At all times herein mentioned the Defendant Macy's applied to the New York Department of State for, and was granted, authority to conduct business in the State of New York, and to do so under the fictitious name "Macy's of New York."

5. At all times herein mentioned the Defendant Macy's was, and is, in the business of retail sales of consumer goods, including apparel and accessories, cosmetics, home furnishings and other consumer goods and operates retail stores throughout the United States and abroad.

6. At all times herein mentioned the Defendant Macy's owned and/or operated

a department store at 151 East 34th Street, New York, New York (the "Premises"), which is commonly known as "Macy's Herald Square" and which is the flagship store of the Defendant's retail business.

### Allegations Pertaining to Jurisdiction and Venue

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action where the matter in controversy exceeds $75,000 and is between citizens of different States.

8. Venue is proper in this Court pursuant to 28 USC § 1391(b)(2), in that the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### Plaintiff's First Cause of Action

9. At all times herein mentioned the Defendant Macy's, by its agents, servants, and/or employees, operated, managed, maintained, supervised, inspected, cleaned and/or controlled the Premises.

10. At all times herein mentioned the Defendant Macy's employed a sophisticated and elaborate loss prevention system at the Premises, which included a network of security cameras that recorded video of virtually the entire interior of the Premises.

11. On or about March 4, 2020 the Plaintiff was lawfully within the Premises, walking on the ground floor in an aisle adjacent to the retail space where "Apple" products are sold, when she was caused to slip and fall because of a streak of liquid on the floor that measured approximately 20 feet in length, and was approximately 4 to 5 inches in width, and which appeared to have been deposited on the floor by some type of cleaning equipment.

12. As a result of the foregoing incident the Plaintiff sustained serious and permanent injuries.

13. Following the incident the Plaintiff was approached by a Macy's employee

named "Safi" who told the Plaintiff that, "Someone fell here earlier."

14. On March 5, 2020, the day following the incident, the Plaintiff returned to the Premises and made a report of the incident to the Defendant's security department and requested the preservation of video showing the incident and the time period prior to the incident during which the hazardous condition was created.

15. The incident and resultant injuries to the Plaintiff were caused wholly and solely as a result of the negligence of the Defendant, its agents, servants, and/or employees in the ownership, operation, management, maintenance, cleaning, and control of the Premises; in causing, permitting and allowing the floor where the Plaintiff fell to be, and remain, in a slick and dangerous condition; in cleaning the area where the Plaintiff fell in a manner that deposited a long streak of liquid on the floor; in failing to put out warning signs or cones or to close off the aisle where the Plaintiff fell; in creating the dangerous condition; in failing to keep the floor in a safe condition; in causing, permitting and/or allowing a slippery substance to be deposited and remain on the floor; in failing to clean, properly clean and/or timely clean the Premises; in failing to properly maintain the Premises in order to avoid the occurrence complained of herein; in failing to give the Plaintiff an opportunity to avoid this occurrence; in failing to provide adequately for the safety of persons lawfully upon the Premises; in failing to erect any barriers or other protective devices around the dangerous and hazardous condition described herein; in failing to act with reasonable care in the operation of the Premises and all without any fault or lack of care on the part of Plaintiff contributing thereto.

16. As a result of the aforesaid incident the Plaintiff sustained injuries to her bilateral wrists and other body parts, some of her injuries being permanent in nature; the Plaintiff has undergone multiple surgeries to both wrists as a result of the injuries she sustained; the Plaintiff has been unable to pursue her usual daily activities for a period of time; the Plaintiff has incurred medical bills for treatment arising out of the incident and is further subject to liens and claims for medical costs that have been paid on her

behalf; the Plaintiff has, and continues, to suffer physical and mental pain and has, and will, sustain a loss of the enjoyment, pleasures and pursuits of life.

17. The Plaintiff demands a trial by jury, pursuant to Fed. R. Civ. P. 15(b)(1).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in a sum of money that will fairly compensate her for the injuries and damages which she has sustained together with any such other and further relief that this Court deems just and appropriate.

Dated:   New York, New York
         January 16, 2023

SAKKAS, CAHN & WEISS, LLP

By: *Matt Sakkas*
Matthew Sakkas, Esq.
Attorneys for Plaintiff
110 East 42ND Street, Suite 1508
New York, N.Y. 10017
Tel: (212)571-7171
Fax: (212)571-7174